**TUCKER ELLIS LLP**
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
Marissa M. Ennis - SBN 279783
marissa.ennis@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiff
123 Los Robles LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| 123 LOS ROBLES LLC, | Case No. 2:17-cv-00392 |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT; CALIFORNIA UNFAIR COMPETITION; AND COMMON LAW TRESPASS TO CHATTELS** |
| JOHN DOES 1–20, | |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Plaintiff 123 Los Robles LLC ("Plaintiff" or "123 Los Robles") by and through its attorneys, Tucker Ellis LLP, files its complaint against Defendants John Does 1-20 (collectively, "Defendants" or "Does") for injunctive relief and damages as follows:

Plaintiff alleges as follows, upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

## INTRODUCTION

1.      This action arises from the intentional and unauthorized access by Defendants to a financial institution ("East West Bank") computer to obtain Plaintiff's financial records ("Financial Records"). As a result of Defendants' unauthorized access, Defendants obtained numerous highly confidential and sensitive Financial Records related to Plaintiff's business. Through this action, Plaintiff seeks damages and preliminary and permanent injunctive relief against Defendants for violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), California unfair competition law (California Business and Professions Code § 17200 *et al.*), and trespass to chattels under the California common law.

## THE PARTIES

2.      Plaintiff 123 Los Robles LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business in Pasadena, California.

3.      On information and belief, Defendants John Does 1–20 are natural persons who have engaged in the unlawful conduct alleged in this Complaint. Plaintiff is not aware of the true names and capacities of Defendants named in this Complaint as Does 1–20, inclusive, and therefore brings this action against these defendants by such fictitious names. Plaintiff will amend this Complaint to allege these Defendants' true names and capacities when they are ascertained.

///

///

///

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## JURISDICTION AND VENUE

4.     This case is a civil action arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"), the California Business and Professions Code § 17200, *et seq.* and the California common law.

5.     This Court has subject matter jurisdiction over the CFAA claim in this Complaint pursuant to 28 U.S.C. § 1331.

6.     This Court has supplemental jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) because the asserted state claims are substantially related to Plaintiff's claim arising under the CFAA. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7.     Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because (1) the causes of action asserted in this Complaint arise out of Defendants' contacts with California and this judicial district, and (2) Defendants have intentionally caused tortious injury to Plaintiff in California and this judicial district, the tortious actions were expressly aimed at Plaintiff in California and in this judicial district, and the brunt of the harm Defendants knew would be felt by Plaintiff in California and in this judicial district.

8.     Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims and/or a substantial part of the property that is the subject of this Complaint is situated in this judicial district.

## FACTUAL BACKGROUND

9.     Plaintiff is a commercial real estate developer formed for the purpose of developing a mixed-use building at 123 S. Los Robles Avenue in Pasadena, California. A number of investors have invested millions of dollars in Plaintiff's business for the purpose of developing the property.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

10.     On or about November 1, 2016, Plaintiff received an email notice from its commercial bank, East West Bank, that the password for one of the user accounts with access to Plaintiff's bank account had been "changed or reset." Each user is assigned a Login ID used for logging into the bank computer. Pursuant to L.R. 5.2-1, the Login ID and related information is not detailed in this Complaint.

11.     This Login ID was previously used by a former Managing Member of Plaintiff, however the individual has not held this position for many years. In fact, over three years ago, in 2013, Plaintiff requested East West Bank delete or disable the Login ID. However, unbeknownst to Plaintiff, the Login ID was not deleted or disabled.

12.     None of the Defendants, and indeed no person, has authorization to use the Login ID to access the computer or Plaintiffs' Financial Records.

13.     Immediately after receiving East West Bank's November 1, 2016 notice regarding the password being changed or reset, Plaintiff contacted East West Bank to alert the bank that the access was unauthorized.

14.     Plaintiff learned from East West Bank that after changing the password, one or more of the Defendants accessed the computer without authorization and gained access to Plaintiff's Financial Records.

15.     Plaintiff again, on November 1, 2016, instructed East West Bank to disable the Login ID; Plaintiff also confirmed that the user account was disabled.

16.     East West Bank also provided Plaintiff a "User Activity Report" which detailed Defendants' unauthorized access on November 1, 2016. The User Activity Report detailed that Defendants accessed the computer from an Internet Protocol address, 50.187.99.239 (the "IP Address").

17.     Plaintiff retained counsel to conduct an investigation into the unauthorized access and possible use and disclosure of its Financial Records.

18.     As part of its investigation, Plaintiff's counsel determined that the Internet service provider who assigned the IP Address was Comcast Cable Communications,

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

LLC. A preservation notice was sent to Comcast Cable Communication's Custodian of Records.

19.     Plaintiff's counsel also contacted East West Bank and requested that it conduct an investigation regarding the scope of Defendants' unauthorized access, and to preserve all records related to the unauthorized access. On December 22, 2016, East West Bank provided Plaintiff with an additional access report.

20.     The December 22, 2016 report details that one or more of the Defendants have, without authorization, continuously and systematically accessed Plaintiff's Financial Records from at least June, 2016 through November 1, 2016.

21.     The December 22, 2016 report further details that one or more of the Defendants have continuously and systematically reviewed account information and downloaded numerous transaction records, including but not limited to, account summaries, account details, and images of cancelled checks.

22.     The Financial Records—and in particular the confidentiality of those records—is highly valuable to Plaintiff. The Financial Records contain commercially sensitive financial information about Plaintiff and its business.

23.     The December 22, 2016 report further documents that even after the Login ID was disabled by East West Bank on November 1, 2016, one or more of the Defendants continued to attempt to gain authorized access to the computer as recently as December 15, 2016.

24.     On information and belief, based on the Financial Records accessed and downloaded, and the nature and manner of Defendants' continuous and systematic review of those Financial Records, Defendants' purpose was to acquire commercially sensitive information contained therein to be used for Defendants' competitive advantage.

25.     Upon information and belief, one or more of the Defendants retains possession of Plaintiff's Financial Records with the intent to unlawfully disseminate or unlawfully use the information contained therein.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## FIRST CAUSE OF ACTION

### (Violation of the Computer Fraud

### and Abuse Act Under 18 U.S.C. § 1030)

26.     Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth here.

27.     Upon information and belief, one or more of the Defendants intentionally, willfully, and knowingly accessed a computer on multiple occasions between at least June 2016 and November 2016 to obtain information contained in Plaintiff's Financial Records.

28.     Upon information and belief, one or more of the Defendants took such actions without the authorization or by exceeding the scope of authorization provided.

29.     The Defendants' unauthorized accessing of the computer for the purpose of obtaining Plaintiff's Financial Records constituted a violation of the CFAA.

30.     As a result of the Defendants' unlawful conduct, Plaintiff has been harmed in an amount exceeding five-thousand dollars, with the full extent of Plaintiff's damages to be determined at trial.

## SECOND CAUSE OF ACTION

### (Violation of California Unfair Competition Law)

31.     Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 30 of this Complaint as though fully set forth here.

32.     Defendants' conduct as described herein constitutes unfair competition, including unfair or fraudulent business acts or practices, in violation of California Business and Professions Code §§ 17200, *et seq*., and the common law of the State of California.

33.     Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to Plaintiff all profits and property acquired by means of Defendants' unfair competition with Plaintiffs.

34.     Due to Defendants' conduct, Plaintiff has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendants' acts and continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

35.     Defendants' conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendants and to make an example of them to the community.

## THIRD CAUSE OF ACTION

### (Violation of Common Law Trespass to Chattels)

36.     Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 35 of this Complaint as though fully set forth here.

37.     Defendants intentionally and without authorization interfered with Plaintiff's possessory interest in its Financial Records by obtaining these financial records without authority from Plaintiff.

38.     As a result of the Defendants' unauthorized actions, Plaintiff has suffered damages as a proximate result, with the full extent of Plaintiff's damages to be determined at trial.

39.     The Defendants' unauthorized access and obtention of Plaintiff's Financial Records and resulting damage to Plaintiff constituted a trespass to chattels in violation of the common law of the State of California.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     That the Court enter a judgment against Defendants that Defendants have:

a. Violated the Computer Fraud and Abuse Act in violation of 18 U.S.C. § 1030;

b. Engaged in unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.* and the California common law; and

c. Committed a trespass upon Plaintiff's Financial Records in violation of the California common law.

2. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

a. Using or disclosing Plaintiff's Financial Records, or any information contained therein;

b. Participating in, aiding, or facilitating, or attempting to participate in, aid, or facilitate, any effort by any person to access a computer without authority for the purpose of obtaining Plaintiff's Financial Records;

c. Engaging in any unfair competition with Plaintiff; and

d. Engaging in any deceptive acts.

3. That Defendants be ordered to return Plaintiff's Financial Records, and any information contained therein, and to not retain any copies thereof (destroying all electronic copies as necessary to comply with the Court's Order).

4. That Defendants be ordered to disclose the identity of any other person or persons with whom Defendants have shared Plaintiff's Financial Records, or any information contained therein.

5. That the Court award damages in an amount to be determined at trial.

6. That Defendants be ordered to account for and disgorge to Plaintiff all amounts by which Defendants have been unjustly enriched by reason of Defendants' unlawful actions.

7.     That Plaintiff be awarded punitive damages by reason of Defendants' unlawful actions.

8.     That the Court award Plaintiff pre- and post-judgment interest on all damages.

9.     That the Court award Plaintiff its costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees.

10.     That the Court award such other or further relief as the Court may deem just and proper.


Dated: January 18, 2017                     Tucker Ellis LLP

                                            By: /s/David J. Steele
                                            David J. Steele
                                            Steven E. Lauridsen
                                            Marissa M. Ennis

                                            Attorneys for Plaintiff,
                                            123 Los Robles LLC

1

## DEMAND FOR TRIAL BY JURY

2          Plaintiff 123 Los Robles LLC hereby demands a trial by jury to decide all issues so

3    triable in this case.

4

5    Dated: January 18, 2017                        Tucker Ellis LLP

6                                                   By: /s/David J. Steele

7                                                       David J. Steele
                                                        Steven E. Lauridsen
8                                                       Marissa M. Ennis

9                                                       Attorneys for Plaintiff,
                                                        123 Los Robles LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco